# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 18, 2011

No. 10-30587
Summary Calendar

Lyle W. Cayce
Clerk

PAVEL A. NAZAROV, Ph.D.,

Plaintiff-Appellant,

versus

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND MECHANICAL COLLEGE,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:08-CV-3978

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30587

Pavel Nazarov, a native and citizen of Russia, was fired as a postdoctoral researcher at LSU Health Services Center. He sued the university for national origin discrimination under in various federal and state statutes. The district court granted the university summary judgment, explaining its reasoning in a thorough and convincing opinion, *Nazarov v. La. State Univ.*, 2010 WL 1930074 (E.D. La. May 10, 2010).

Nazarov appeals *pro se*. We have reviewed the briefs, pertinent portions of the record, and the applicable law. Because there is no error, we affirm, essentially for the reasons given by the district court.

We address two other issues raised by Nazarov. First, he asserts a new claim on appeal that he held a "property right" in his employment and that LSU deprived him of that right without due process. Not only has Nazarov failed to cite any caselaw to support that theory, he has also forfeited that claim by failing to raise it in the district court. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 593 (5th Cir. 2006). We will not consider a new claim on appeal unless the issues involved are purely legal and failure to address the claim would result in a manifest miscarriage of justice. *Id.*

Second, Nazarov claims he was irreparably harmed by the lack of a transcript of the summary judgment hearing. He has failed to indicate, however, how he was prejudiced. *See Veillon v. Exploration Servs., Inc.*, 876 F.2d 1197, 1200-01 (5th Cir. 1989). If the district court erred by not ordering a transcript—which we are not convinced it did—any error was harmless. *Id.*

AFFIRMED.